# United States District Court
# Eastern District of New York

16-CV-4963
(MATSUMOTO, D.J.)

LAZARO GILOCOMPO,

*Petitioner,*

– against –

DARWIN LACLAIR, SUPERINTENDENT,

*Defendant-Appellant.*

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**

LYNN W. L. FAHEY
Attorney for Petitioner
111 John Street, 9th Floor
New York, N.Y. 10038
(212) 693-0085

TAMMY E. LINN
*Of Counsel*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

POINT I

    THIS COURT IS NOT PRECLUDED FROM REACHING PETITIONER'S CRAWFORD CLAIM ABOUT THE USE OF HIS NON-TESTIFYING CODEFENDANT'S CUSTODIAL STATEMENTS AGAINST HIM.............................................................................2

    A.    Counsel Erred and Caused the Procedural Default by Acquiescing to the Statements' Admission and Not Objecting When the Prosecutor Mischaracterized Them to Argue That Both Defendants Had Confessed, and the Prejudice from Counsel's Errors Excuses the Default. ...........................................................................2

    B.    Using Rodriguez's Statements against Petitioner Violated *Crawford* and Caused Extreme Prejudice by Strengthening the State's Weak Case. ................................................5

POINT II

    NO LEGITIMATE STRATEGY COULD EXIST FOR NOT OBJECTING TO THE IMPROPER USE OF THE CODEFENDANT'S STATEMENTS OR THE SUMMATION REMARK ABOUT AN IDENTIFICATION THAT WAS NOT IN EVIDENCE, BOTH OF WHICH HURT THE MISTAKEN IDENTITY DEFENSE AND STRENGTHENED THE STATE'S CASE IN A WEAK, ONE-WITNESS IDENTIFICATION CASE............................................................8

CONCLUSION ............................................................................................................10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
LAZARO GILOCOMPO,                                                   :

                Petitioner,                                       :

   -against-                                                       :

DARWIN LACLAIR, Superintendent,                                     :
   Department of Corrections and Community
   Supervision,                                                    :

                Respondent.                                       :
--------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS

This memorandum of law is submitted in reply to the Affidavit and Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Opposition"), filed by the State on March 1, 2017.

## INTRODUCTION

Petitioner Lazaro Gilocompo has raised two claims: (1) the State violated his constitutional right to confront his accusers by using his non-testifying codefendant's custodial statements against him at their joint trial; and (2) he was deprived of the effective assistance of counsel because, in this one-witness identification case with no corroborating physical evidence, his attorney failed to object to the use of those statements or to the State's summation remark that an uncalled witness accurately identified petitioner at the scene. The State's response hinges entirely on their argument

1

that the codefendant's statements did not implicate petitioner, that the prosecutor never misused the statements in summation, and that the suggestion of another identification was merely cumulative. No fair reading of the record supports the State's position.

I. THIS COURT IS NOT PRECLUDED FROM REACHING PETITIONER'S CRAWFORD CLAIM ABOUT THE USE OF HIS NON-TESTIFYING CODEFENDANT'S CUSTODIAL STATEMENTS AGAINST HIM.

   A. Counsel Erred and Caused the Procedural Default by Acquiescing to the Statements' Admission and Not Objecting When the Prosecutor Mischaracterized Them to Argue That Both Defendants Had Confessed, and the Prejudice from Counsel's Errors Excuses the Default.

Petitioner argues that the court admitted codefendant Rodolfo Rodriguez's statements against him at their joint trial in violation of Crawford v. Washington, 541 U.S. 36 (2004), and that the State exacerbated the evidentiary error by urging the jury to consider Rodriguez's statements with petitioner's own alleged statement as tantamount to a joint confession (Petition at 23-34). Petitioner acknowledges that trial counsel failed to object and preserve his claim for appellate review. However, he asserts that counsel's silence amounted to ineffective assistance, which met the cause-and-prejudice standard for excusing procedural default (Petition at 42-45).

Responding that there was no cause for default, the State vainly attempts to defend counsel's inaction. Conceding that she was "clearly aware of the confrontation issue" with respect to Rodriguez's statements, the State asserts that, "because the redacted statements did not implicate petitioner—and in fact in some ways exculpated him—counsel made a strategic decision" to not object (Opposition at 14, 17-18). But,

2

as the State concedes (id. at 26, 28), Rodriguez's statements placed petitioner with him at the scene of the attack on Manuel Pucci, in an acting in concert case where petitioner's defense was misidentification. No physical evidence tied petitioner to the charged assault and robbery and his own alleged statement could have been referring to an unrelated fight. Rodriguez's statements linking petitioner to the crime under these circumstances were clearly inculpatory, and so damaging that counsel should have demanded preclusion. Instead, she consented to a clearly inadequate redaction of his oral statement, never addressed that his written statement made it clear that Rodriguez was talking about Pucci, and never requested a limiting instruction—even when the prosecutor noted in the charge conference that the evidence must be considered separately as to each defendant or when the jury requested the statements during deliberations.

No legitimate strategy could justify not objecting or requesting the required limiting instruction, because Rodriguez's statements in no way exculpated petitioner as the State now maintains (id. at 18, 23, 26-27, 29-30, 35, 38). To the contrary, Rodriguez's statements implied that petitioner was more culpable than him. Rodriguez minimized his own conduct by saying he punched Pucci only once and never hit him with a brick. If the jury believed this, the only conclusion possible was that petitioner was responsible for many of Pucci's serious injuries. Additionally, Rodriguez denied robbing Pucci but expressed doubt about whether a theft occurred. As there were only two assailants, the obvious inference was that petitioner might have robbed Pucci.

3

Defense counsel's summation made clear that she made a grave error rather than a strategic decision in not objecting to their use against him. Counsel never tried to use Rodriguez's statements to exculpate petitioner, such as by pointing out that Rodriguez did not explicitly accuse him of any wrongdoing and that petitioner's mere presence was insufficient to prove accomplice liability. Instead, counsel made no reference to Rodriguez's statements at all, attempting only to minimize petitioner's own statement and questioning whether it was actually made (752-70).

Nor did counsel object or request a curative instruction when the prosecutor emphatically argued that both defendants had admitted guilt. Denying that the prosecutor compounded the confrontation error, the State now claims that the prosecutor "merely argued that petitioner and Rodriguez each had acknowledged being present at the time of the incident, which was an accurate description of the statements made by the men" (Opposition at 28-29). In fact, the prosecutor told the jury, "the defendants themselves admitted, yes we were there . . . it was us, but it was just a fight," repeating that they admitted "it was us" three times (Petition at 28-29; 806-07). Thus, the record clearly refutes the State's argument that the prosecutor "did not suggest that petitioner had confessed" and "never implied anything more than that the men both admitted to being together" (Opposition at 28-29). And defense counsel's failure to request a mistrial or at least a curative instruction at this point was inexplicable.

4

### B. Using Rodriguez's Statements against Petitioner Violated *Crawford* and Caused Extreme Prejudice by Strengthening the State's Weak Case.

The State also urges this Court not to excuse the procedural default of petitioner's confrontation claim about the use of Rodriguez's statements because the claim is meritless under AEDPA and, thus, counsel's failure to object did not cause sufficient prejudice to excuse the default (id. at 18-31). But the State's merits arguments are based on the wrong legal principles and the fallacious notion that Rodriguez's statements did not inculpate petitioner.

The State completely ignores that the use of Rodriguez's statements violated Crawford, and fails to support its cursory statement that the Appellate Division's decision applying Bruton v. United States, 391 U.S. 123 (1968), was not contrary to clearly established federal law by (see Petition at 23-25, 43-45, 47-48). Agreeing that "*Bruton* and its progeny addressed whether court instructions could overcome the introduction of certain incriminating hearsay," the State nevertheless argues that "the absence of instructions here did not remove this case from *Bruton* analysis" (Opposition at 29). But the State does not cite any authority or even attempt to explain how cases about the sufficiency of limiting instructions could possibly apply to one without any such instruction.

The lack of explanation or any supporting case law is also conspicuously absent from the State's argument that admitting Rodriguez's statements did not violate Bruton because the redaction "of petitioner's behavior" (while leaving his name) was sufficient

5

to avoid implicating him (id. at 23-30). The People agree that Bruton, Gray v. Maryland, 523 U.S. 185, 196 (1998), and Richardson v. Marsh, 481 U.S. 200, 206 (1987), establish clear rules governing admissibility of non-testifying codefendants' statements.

Bruton held that a codefendant's statements are inadmissible at a joint trial if they contain incriminating references to the defendant (even with limiting instructions). 391 U.S. at 127-28. Richardson reiterated this rule, but held that the codefendant's confession there was admissible, against the codefendant, because it had been redacted to remove any references to the defendant; it noted, however, that counsel's failure to object to the prosecutor's improper attempt to undo the limiting instructions could potentially warrant habeas relief. 481 U.S. at 203-04, 211. Finally, Gray clarified that Bruton prohibits admitting "statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences [of guilt] that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." 523 U.S. at 185-86, 194-96. Thus, because the State concedes that Rodriguez's statements obviously linked petitioner to the charged crime (Opposition at 26, 28), the redaction of Rodriguez's explicit accusations of petitioner's involvement was insufficient to avoid a Bruton error since Rodriguez's statements continued to imply petitioner's participation. See Gray, 523 U.S. at 185-86, 194-96.

Finally, the State continues to discount the incriminating nature of Rodriguez's statements and inflates the strength of their remaining evidence to contend that any confrontation error was harmless (Opposition at 23, 27, 29-30). The State cites Pucci's

6

relatively quick identification of petitioner near the scene of attack, but conveniently overlooks the myriad reasons to question the reliability of that identification, including Pucci's unfamiliarity with his assailants; his testimony suggesting he never saw the face of the man alleged to be petitioner; his compromised physical and mental state at the time of the attack and show-up procedure; his vague descriptions; the fact that the defendants did not match the significant height difference when it was the only distinctive detail Pucci described; and the suggestiveness of the showup (see Petition at 30-32). Pucci also made no in-court identification, there was no physical evidence tying petitioner to the robbery, and his alleged statement was neither a confession nor was it consistent with Pucci's description of the attack. On this record, it is a gross exaggeration for the State to claim that it had "powerful evidence that petitioner robbed the victim" absent Rodriguez's statements linking him to Pucci and denying personal involvement in any robbery that might have occurred (Opposition at 30).

In sum, the court erred in admitting Rodriguez's statements without qualification as evidence against appellant, the prosecutor misused that evidence in summation, and defense counsel was ineffective for failing to object to the statements' admission and to request limiting instructions, or to demand a curative instruction or a mistrial after the prosecutor combined both defendants' statements as admissions of guilt in a case resting on a shaky identification. The Appellate Division's decision rejecting petitioner's confrontation claim was contrary to, and an unreasonable application of,

7

both <u>Crawford</u> and <u>Bruton</u>, and counsel's ineffectiveness satisfies the cause-and-prejudice standard for reaching petitioner's claim despite procedural default.

II.   NO LEGITIMATE STRATEGY COULD EXIST FOR NOT OBJECTING TO THE IMPROPER USE OF THE CODEFENDANT'S STATEMENTS OR THE SUMMATION REMARK ABOUT AN IDENTIFICATION THAT WAS NOT IN EVIDENCE, BOTH OF WHICH HURT THE MISTAKEN IDENTITY DEFENSE AND STRENGTHENED THE STATE'S CASE IN A WEAK, ONE-WITNESS IDENTIFICATION CASE.

Petitioner asserts that counsel was ineffective for not objecting to the admission of Rodriguez's statements without a limiting instruction, and not objecting when the prosecutor's summation encouraged the jury to use Rodriguez's statements against petitioner and to speculate that an uncalled witness identified petitioner to police after following him from the scene (Petition at 34-42). The State asks the Court to defer to the Appellate Division's decision and deny this petition because counsel's failures to object were neither error nor prejudicial (Opposition at 31-39).

First, counsel undoubtedly erred. As discussed above, and in the main petition, counsel could not have reasonably believed that Rodriguez's statements were helpful to petitioner and therefore could not have reasonably chosen not to object or request a limiting instruction as a matter of strategy (see id. at 35, 38; Petition at 26-28, 38-39). And, counsel certainly could not have reasonably chosen to stand mute when the prosecutor portrayed Rodriguez's and petitioner's statements as a joint confession.

As for counsel's mishandling of the inadmissible inferential hearsay about Miguel Lopez's on-scene identification, the State is wrong that counsel had no basis to object

8

to the testimony or opening and closing statements on this topic because "this hearsay evidence was necessary to explain why the police stopped the taxi, and any objection would have been fruitless" (Opposition at 36). It was hardly necessary to imply additional identification evidence in a misidentification case simply to explain why the police stopped a cab leaving a crime scene. More importantly, counsel never asked the court to instruct the jury that the testimony should be considered only for this limited purpose, so the jury was free to use it as evidence of petitioner's guilt. In any event, petitioner's claim is that counsel should at least have objected when the prosecutor deliberately and admittedly strayed from the record in summation to urge the jury to infer that Lopez made an accurate identification after following petitioner from the scene (Petition at 37).[1] While the State briefly defends the prosecutor's remark as "fair comment on the trial evidence," it also concedes that "there might have been some improper inference" (Opposition at 37).

The State then argues that counsel was not ineffective for failing to "object to this isolated, vague comment," but the opening statements and testimony about Lopez

---

[1] The State argues that petitioner failed to exhaust any argument that counsel was ineffective for not objecting to the opening statement and testimony about Lopez (Opposition at 36). Petitioner's claim is that counsel was ineffective because she did not understand or protect his right to confrontation, which is precisely what he argued on direct appeal (Petition, Ex. B at 42-44; Ex. D at 2-4, 7-8). Counsel's mishandling of evidence and arguments about Lopez is not a separate claim; it simply sheds light on her overall lack of strategy and is relevant to considering the prejudice caused by her ignorance of a fundamental constitutional right. Strickland, 466 U.S. at 687-96 (court must look at counsel's performance "in light of all the circumstances," and "consider the totality of the evidence" when assessing prejudice).

9

colored the case from the outset and made the prosecutor's point crystal clear. Against that backdrop, it was inexplicable for counsel, who advanced a mistaken identity defense, to not object to the egregious summation remark telling the jury to consider an identification by an uncalled witness. It was also undoubtedly prejudicial in light of the other confrontation error regarding Rodriguez's statements, and the weakness of the State's case in general, as discussed above and in the main petition (see Petition at 30-34, 40-42). That counsel challenged the reliability of Pucci's pre-trial identification and petitioner's own statement (Opposition at 37-38) was not nearly enough to overcome her acquiescence to the use of Rodriguez's incriminating statements against petitioner, the prosecutor's mischaracterization of both defendants' statements as a joint confession, and the prosecutor's improper reliance on an identification not in evidence.

        Respectfully submitted,

        Lynn W. L. Fahey (LF 1652)
        Attorney for Petitioner

        */s/ Tammy E. Linn*
        By: Tammy E. Linn (TL 4059)
        Appellate Advocates
        111 John Street – 9th Floor
        New York, New York 10038

April 21, 2017